United States District Court
Southern District of Texas
**ENTERED**
May 26, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARIAS T. LaCOUR, (TDCJ # 02143625) *Plaintiff,* vs. ED GONZALEZ, *et al.,* *Defendants.* | § § § § § § § § § § § | CIVIL ACTION NO. H-25-4381 |

### MEMORANDUM OPINION AND ORDER

Plaintiff Darias T. LaCour is incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division. In September 2025, he filed a letter that was construed as a civil-rights complaint under 42 U.S.C. § 1983, alleging that various Harris County Officials had either lost or stolen certain evidence that he contends would have established his innocence. (Dkt. 1). He later filed an amended complaint and two supplements. (Dkts. 15, 18, 19). He proceeds here *pro se.*

On April 9, 2026, the Court ordered LaCour to provide a more definite statement of his claims. (Dkt. 20). The order included a list of questions for LaCour to answer about his claims against each defendant, and it required him to file his response to those questions under oath within thirty days. (*Id.*).

LaCour mailed a letter to the Court after receiving the order for more definite

1/3

statement, in which he acknowledges receiving the order. (Dkt. 21). But the letter does not answer the questions asked in the Court's order, does not attempt to further explain his claims, and is not signed under oath. (Dkt. 21). Despite having had the Court's order for no less than six weeks, LaCour has made no attempt to respond to it. He has therefore failed to comply with the Court's order, and his time to do so has now expired.

LaCour's failure to pursue this action in compliance with the Court's orders forces the Court to conclude that he lacks due diligence. Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, the Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order).

Accordingly, the Court **ORDERS** as follows:

1. LaCour's civil-rights action, (Dkt. 1), is **DISMISSED without prejudice** for want of prosecution.

2. Any pending motions are **DENIED as moot.**

3. LaCour is advised that upon a showing of good cause for failing to comply with the Court's April 9 Order, relief from this Order may be granted under Federal Rule of Civil Procedure 60(b). Any motion under Rule 60(b) must be

2/ 3

accompanied by LaCour's sworn response to the April 9 Order for More Definite Statement.

The Clerk will provide a copy of this Order to the plaintiff.

SIGNED at Houston, Texas on _____ *May 26* _____, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE